UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEAN BAKER,

        Plaintiff,

v.                                                                          Case No. 1:12-CV-124

SUNOVION PHARMACEUTICALS, INC.,                  HON. GORDON J. QUIST

        Defendant.

_____/

### DECISION GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff, Dean Baker, has sued Defendant, Sunovion Pharmaceuticals, Inc., alleging that Sunovion discriminated against him in violation of the Age Discrimination in Employment Act (ADEA),  29 U.S.C. § 621 *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101, *et seq.*, when it terminated him for failing to meet his sales quota.  Sunovion is entitled to summary judgment for the following reasons.

The parties are familiar with the material facts and, therefore, the Court will not recount them at length.  In short, however, Baker had a successful career with Sunovion as a sales representative but was terminated in 2010 after failing to meet his sales quota for three consecutive quarters. Pursuant to its unwritten policy, Sunovion placed Baker in a coaching plan and, subsequently, a performance improvement plan, but Baker still failed to meet his sales quotas as required.

Because Baker has no direct evidence of age discrimination, he must establish his claim through circumstantial evidence under the *McDonnell Douglas* burden shifting framework.  *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997).  To establish a prima facie case of age discrimination in this case, Baker must show:  (1) that he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that he

was treated differently than similarly situated employees outside the protected class.  *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008).  A plaintiff's burden at this stage is "minimal."  *Taylor v. Geithner*, 703 F.2d 328, 339 (6th Cir. 2013).

Baker fails to establish a prima facie case of discrimination.  Although his evidence establishes the first three elements of a prima facie case, Baker cannot satisfy the fourth element because he cannot show that similarly-situated younger sales representatives were treated more favorably.  In fact, Baker does not even offer a comparator to create an inference that he was treated differently because of his age.  On the other hand, Sunovion has presented evidence that  it applied the sales quota requirement in an even-handed manner regardless of age.  This evidence shows that younger sales representatives who failed to meet their sales quotas were also placed on performance improvement plans and ultimately discharged if they continued to miss their sales quotas.  Baker argues that Sunovion's comparators were not similarly situated to Baker because none of them were identified as top performers in the district or region in weekly sales reports at the same time they were subject to a performance improvement plan.  This argument misapprehends the burden of proof in a discrimination case.  Sunovion is not required to show that similarly-situated employees outside the protected class were treated the same as Baker.  Rather, Baker has the burden of showing that similarly-situated younger employees were treated more favorably than Baker.  *See Adebisi v. Univ. of Tenn.*, 341 F. App'x 111, 112 (6th Cir. 2009) ("Dr. Adebisi satisfied the first three elements of a *prima facie* case.  Because he was not replaced by another Fellow, to satisfy the fourth prong he needed to show that a similarly-situated, non-protected employee was treated more favorably.").

Even if Baker had established a prima facie case, he has presented no evidence to demonstrate that Sunovion's reason for terminating his employment was pretext.  "An employee can show pretext by offering evidence that the employer's proffered reason had no basis in fact, did not actually motivate its decision, or was never used in the past to discharge an employee." *Smith*

2

*v. Chrysler Corp.*, 155 F.3d 799, 805–06 (6th Cir. 1998).  Baker fails to offer any such evidence.

He admits that Sunovion's sales quota numbers are accurate and that he failed to meet his quota for

Omnaris for four consecutive quarters.  Moreover, the fact that Sunovion's three-strikes policy was

not reduced to writing is irrelevant.  Baker acknowledged that he was told about the policy, and he

has no evidence that it was applied in a discriminatory manner.  In fact, Sunovion's evidence shows

just the opposite.

In short, Baker's claim boils to down to this: I was a good employee and I was the oldest

employee, so it must have been age discrimination.  However, "[m]ere personal belief, conjecture

and speculation are insufficient to support an inference of age discrimination." *Woythal v. Tex-Tenn*

*Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) (internal quotation marks omitted).  While the Court is not

unsympathetic to Baker's assertion that Sunovion's decision to terminate him was unfair or

unreasonable, the question this Court must answer is not whether Sunovion's decision was fair,

wise, or reasonable, but whether there is evidence that it was based on unlawful discrimination.  *See*

*Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 505 (6th Cir. 2010) ("Time and again we have

emphasized that our rule is to prevent unlawful hiring practices, not to act as a super personnel

department that second guesses employers' business judgments.") (internal quotation marks and

brackets omitted).  Given the absence of evidence of discrimination, the Court must answer that

question in the negative.

Therefore, Defendant's Motion for Summary Judgment (docket no. 19) is **GRANTED** and

the complaint is **DISMISSED WITH PREJUDICE**.


Dated:  December 6, 2013                                   /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE